**United States District Court**
**District of Massachusetts**

```
_____
                                 )
ANIL KUMAR CHAWLA,               )
                                 )
          Plaintiff,             )
                                 )          Civil Action No.
          v.                     )          02-40198-NMG
                                 )
PRABHU MOHAPTRA and SANJAY       )
SANHANI                          )
                                 )
          Defendants.            )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from a dispute between two
unrepresented parties about the internet domain name
"allindiaonline.com".  Pending before this Court are motions
of defendant, Prabhu Mohaptra ("Mohaptra"), (1) to dismiss the
complaint of plaintiff, Anil Kumar Chawla ("Chawla"), for
insufficient service of process and (2) for leave to amend
that motion to include claims of "improper venue and
jurisdiction".

## I.  Background

On February 8, 1999, Chawla registered the domain name
"allindiaonline.com" and, in August, 1999, began operating an
internet website under that name.  On October 6, 1999,

Mohaptra, the owner and founder of AIOL All India On-Line Pvt. Ltd. ("AIOL"), a global internet service provider for the Indian community which operates a website under various domain names including "AIOL.com", sent a letter to Chawla, claiming that Chawla's use of the domain name "allindiaonline.com" infringed on Mohaptra's trademark.  Accordingly, Mohaptra directed Chawla to cease using that name for any internet-related service and informed Chawla that "[f]ormal civil and criminal legal action will follow upon our assessment of damages."

As a result, Chawla claims he was forced to close his website and to endure persistent threats and harassment by Mohaptra who continually sought to force Chawla permanently to surrender his domain name and website.[1]  On October 23, 2002, Chawla filed a complaint against Mohaptra individually in this Court seeking damages in the amount of $300,000 for the loss of his website and the emotional stress endured as a result of Mohaptra's harassment and threatening behavior.

A few days later, Chawla's summons and complaint were delivered by a process server to Mohaptra's place of business, not his residence.  Mohaptra was out of the country at the

---

[1] In response to Mohaptra's alleged harassment, Chawla contacted the Shrewsbury Police Department and the local district attorney's office and filed numerous complaints.

time and an employee signed for the documents.  On November 6,
2002, however, the employee returned the summons and complaint
to Chawla along with a letter explaining that (1) Mohaptra was
out of the country, (2) he was not authorized to sign for
legal documents on Mohaptra's behalf, (3) the address to which
the summons and complaint were sent was a business address and
(4) in the future, Chawla should contact Mohaptra at his
personal residence or through Mohaptra's attorney.

After several more unsuccessful attempts to serve the
summons and complaint on Mohaptra at his residence, Chawla
contacted the Worcester County Sheriff's Office for
assistance.  On January 17, 2003, the sheriff mailed Mohaptra
a copy of the summons and complaint, at his residence, along
with a letter indicating that if Mohaptra continued to ignore
the service of those documents, Chawla would be forced to seek
a default judgment in the pending case.

In the meantime, on November 18, 2002, Mohaptra filed the
pending motion to dismiss Chawla's complaint for insufficient
service of process.  In that motion, Mohaptra contends that
the summons and complaint, served at his place of business,
should have been served on him, personally, at his place of
residence or at his last place of usual abode and that the
employee who signed for the documents was not authorized to

accept service of process on behalf of Mohaptra or the
company.  In his four oppositions to that motion, Chawla
argues, generally, that this case should not be dismissed
because Mohaptra received the summons and complaint and thus
was put on notice of the suit.

On January 24, 2003, while his motion to dismiss remained
pending, Mohaptra filed a motion for leave to amend that
motion to include claims of "improper venue and jurisdiction"
but in which he admits that, as of January 22, 2003, he had
been properly served with Chawla's summons and complaint.

## II.  __Analysis__

### A.   __Defendant's Motion To Dismiss For Insufficient Service of Process__

Mohaptra contends that this case should be dismissed
because he was improperly served with the summons and
complaint.  In his motion for leave to amend his motion to
dismiss, however, Mohaptra states, in relevant part,

> I am requesting for leave so I can amend my motion to
> dismiss for these reasons: Yesterday, January 22, 2003, I
> finally officially received a copy of the summons and
> complaint as required by the rules of the court from the
> Sheriff's office there.  My motion to dismiss remains
> pending in this court but, I need to amend it based on
> what happened yesterday.

Because Mohaptra has admitted to being properly served with
the summons and complaint, his motion to dismiss for
insufficient service of process will be denied, as moot.

**B.   Defendant's Motion For Leave To Amend His Motion to
    Dismiss**

Aside from admitting his receipt of Chawla's summons and
complaint, Mohaptra seeks to amend his motion to dismiss to
include claims of "improper venue and jurisdiction".  In
effect, however, Mohaptra's motion to amend is a second motion
to dismiss and because he has waived the defenses of improper
venue and lack of personal jurisdiction, that motion will be
denied pursuant to Fed. R. Civ. P. 12(b)(6)(h)(1) and
12(b)(6)(g).

Fed. R. Civ. P. 12(b)(6)(h)(1) states, in relevant part,

> *A defense of lack of jurisdiction over the person,
> improper venue,* insufficiency of process, or
> insufficiency of service of process *is waived (A) if
> omitted from a motion in the circumstances described in
> subdivision (g),* or (B) if it is neither made by motion
> under this rule nor included in a responsive pleading or
> an amendment thereof . . . .

(emphasis added).  Fed. R. Civ. P. 12(b)(6)(g), in turn,
states, in relevant part,

> A party who makes a motion under this rule may join with
> it any other motions herein provided for and then
> available to the party.  *If a party makes a motion under
> this rule but omits therefrom any defense or objection
> then available to the party which this rule permits to be
> raised by motion, the party shall not thereafter make a
> motion based on the defense or objection so omitted . . .
> .*

(emphasis added).

To treat Mohaptra's motion to amend his initial motion to

dismiss as anything other than a second motion for such relief (which is proscribed by Rule 12(b)(6)(g)) would directly contravene the intent and purpose of that Rule.  It would permit a defendant, at any time before a court decides his motion to dismiss, to avoid the consequences of Rule 12(b)(6)(g) by simply "amending" his motion to include defenses that he could and should have included in his initial motion or responsive pleading.  The efficiency and fairness for which Rule 12(b)(6)(g) was presumably enacted would thus be effectively thwarted.

Because Mohaptra filed a motion to dismiss for insufficient service of process and did not include claims for lack of personal jurisdiction or improper venue, those claims are waived and his motion for leave to amend his motion to dismiss will be denied.  In light of that result, although both parties are certainly entitled to proceed pro se, in order to avoid such procedural errors in the future and to expedite the resolution of this case, it is strongly recommended by this Court that they now retain counsel.

**ORDER**

For the reasons set forth in the foregoing memorandum, Mohaptra's motion to dismiss (Docket No. 3) is DENIED, as moot, and his motion for leave to amend that motion to dismiss (Docket No. 11) is DENIED.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated:    June 30, 2003