# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Anil Kumar Chawla ) | |
| ) | |
| V. ) | Case: 02-40198-NMG |
| ) | |
| Prabhu Mohapatra ) | |
| ) | |

## REBUTTAL IN RESPONSE TO DEFENDANT'S ANSWER

Defendant, Mr. Mohapatra has replied to court by providing false information about two key issues that are related to trademark and plaintiff's police complaints. Without providing any evidences, defendant is trying to conceal true facts about these issues.

Defendant has stated, *"Defendant's prior counsel spoke with Detective Hurley who stated that Plaintiff's complaint was dismissed because there was no probable cause-it was frivolous. Therefore, Defendant admits that Plaintiff has filed a false police report and will be facing possible prosecution by those authorities."* In reference to such misleading and unreliable statements, plaintiff met <u>detective James Hurley</u> (Shrewsbury police department) and discussed the matter during a personal meeting on July 28, 2003. Such false statements stunned detective James Hurley too. Consequently, detective has offered an assistance that he will be <u>willing to testify to the court about such false statements by Mr. Mohapatra</u>. He also offered that he would even testify in a <u>personal appearance</u> to the court, if asked or summoned.

Please see plaintiff's earlier & detailed response (dated June 9, 2003, Case : **03-2003-CV-40084 NMG** ), which had 22 EXHIBITS pertaining to this matter. That response from Anil Chawla and his wife had 5 distinct sections, which included evidences and proofs.

However, key facts about two main issues (trademark and plaintiff's police complaints) are highlighted as follows:

### Trademark related issues & legitimacy of defendants business

Defendant has provided deceitful and fake statements about his trademark related issues. Defendant has failed to provide any evidence related to this matter, including any documents to prove the legitimacy of his US business related to 'AIOL All India On-

Line'. According to Arizona Corporation Commission, no any company titled "AIOL-All India Online" exists in Arizona. As of today, there is <u>no any legitimate</u> business under the company titled "All India On line Pvt Ltd." in the United States, Furthermore, NO any US trademark has been issued to this name. On the name of fictitious US trademark, and for the purpose of extortion of money, defendant had victimized and terrorized plaintiff's family for more than three years.

    a) Plaintiff has already submitted enough documents to court (including registration sheets) to prove that defendant's company is <u>NOT</u> a legitimate part of commerce in USA. In the past, plaintiff had asked defendant's attorney to respond to key issues, but he <u>completely ignored</u> to answer any of those questions. Even defendant is unable to produce any document to prove the legitimacy of his claim of a US trademark and relevant US business for AIOL.

    b) Defendant deliberately tried to mislead the court by providing fictitious and irrelevant information about US trademark. Defendant has hidden the fact that he can't even sell Internet connections (from his site AIOL.com) on account of a lawsuit (America Online V. Prabhu Mohapatra) from American giant company, America Online Inc. Defendant has also provided fake statements as "his worldwide" business related to AIOL-All-India-Online. Defendant deliberately ignored to state the fact that <u>Summary Judgment</u> about that case (America Online, V. Mohapatra) had also gone against him.

    c) Defendant has hidden the fact that plaintiff is the first one to acquire the domain name (allindiaonline)- legally from Internic, USA for his website. Defendants had also hidden the fact that plaintiff never approached defendants or any one else for any compensation in exchange of their website or domain name. For records, plaintiff acquired his web domain to run his own business, and that website was fully operational by the time defendant harassed, threatened, defamed and forced plaintiff to shut down his entire website.

    d) Mr. Mohapatra had also hidden the fact that he had no interest in plaintiff domain name (www.allindiaonline.com); otherwise he could have registered this name to himself once it was available for general public. Defendant had hidden the fact that he made a pre-plan (cyber squat plan by not acquiring such names) in order to blackmail and extort money. Defendant had hidden the fact that in order to fool the legal system and in order to cover up his role in cyber squat, he acquired other similar domain names several months/years after plaintiff had informed this matter to DA's office & **police** authorities.

    e) Defendant has hidden the fact that there is no address exists for company "AIOL- All India On Line" in the United States. Defendant has also hidden the fact that there are **no US legal registrations** for any of his relevant domain names. Plaintiff has hidden the fact he is linking the name (AIOL-All India On Line) to some other company- just to <u>deceive court</u> that he has a US

address. Plaintiff has provided several evidences to this matter to the honorable court.

f) **Deceptive trademark to extort money:** Plaintiff had also hidden a fact that an opposition to his trademark was filed in 1999, even before he started to harass plaintiff for the first time. Mr. Mohapatra had deliberately filed a deceptive trademark ('AIOL- All India On-Line') with USPTO. This deceptive trademark gave him excuses to deceive and hurt other businesses. As a result, defendant was <u>never issued registration</u> to that trademark.

## Plaintiff complaints to DA's office and Shrewsbury police department
(Harassment by defendants)

Since October of 1999, plaintiff has endured incessant and relentless harassment by defendant, Mr. Mohapatra and his partner Mr. Sangani. <u>Stalking</u> by defendants started about 8 months after plaintiff legally procured an Internet site to establish his own website in February 1999. Once the defendants found out that plaintiff legally acquired Internet site could be of gain to them, they embarked upon a journey to harass and force to surrender entire website, beside their well plan to cyber squat and extort money.

Some of the proofs have already been submitted to civil court about harassment and police related issues. Since October of 1999, both defendants were fully aware of their inappropriate behavior and plaintiff's police complaints but defendants chose to ignore giving their explanation to this matter.

Following information is provided to show that how defendants had tried to harass, blackmail, avoid the law, manipulate the system, and later distort the facts. Instead of arguing with defendants, plaintiffs decided to chose and follow the law, and <u>opted to go to the police and court for the help</u>. This further infuriated the defendants who slapped upon a fraudulent civil lawsuit from Arizona.

In relation to criminal complaints, both <u>defendants had failed to show up in the court</u> once they were asked to appear in a trial Court of the Commonwealth of Massachusetts at Westborough. Honorable magistrate Thomas X. Cotter had written a letter to Mr. Mohapatra's attorney in which he stated "the <u>crime of Criminal Harassment</u> under Chapter 269, S 43A has been on the books for two to three years and so far as I can tell has not been tested via the Supreme Court of the Commonwealth of Massachusetts." However, on account of jurisdictional issues, honorable magistrate decided that such criminal complaints should be handled best at the federal level. Honorable magistrate wrote following words on a criminal complaint form "application is denied-after following and presentation of evidence of SPD (Lt Hurley) and victim Chawla. <u>This court lacks jurisdiction in this inter state legal problem</u>. Hence no probable cause for issue of criminal harassment plus as stated there appears to be <u>serious jurisdictional</u> problems. <u>Federal questions are apparent</u>."

By the time both defendants were asked to appear in the trial court, two civil cases were also filed to federal courts (by plaintiff and later a counterclaim by defendant) having similar issues- related to harassment and domain names. Therefore, on account of pending federal level civil cases & jurisdictional problem at Massachusetts, detective James Hurley decided to forward the matter to appropriate federal authorities. As a follow up, he also suggested that harassment related matter should be brought and discussed during civil trial too.

Regarding police complaints, sequence of events is as follows:

a) Harassment from defendant started during beginning of October, 1999 once defendants mislead plaintiff about their false claims of a US trademark. Defendants threatened and forced plaintiff to close down his entire website. On account of such threats, plaintiff was left with no choice except to close down his website. Plaintiff believed that closing down the website could satisfy defendants, and hoped that defendants would stop any further harassment. However, soon after the website was closed, Mr. Mohapatra started to raise money related issues. Besides clear warning from plaintiff to stop further harassments, defendant (Mr. Mohapatra) forced plaintiff to give even notarized statements about money matters. In his e-mail (October 15, 1999 12:51:57 PM EDT), Mr. Mohapatra clearly stated "provide a statement under oath, with notarized signature(s) stating you and/or any other affiliated party (ies) have derived no income....." Plaintiff did inform defendants (by e-mail) that plaintiff made no money, but defendants did not stop. For records, evidence of that e-mail from Mr. Mohapatra was provided to police department. Mr. Mohapatra also dictated the decisions as taken by his board of directors. Defendant, Mr. Mohapatra forced plaintiff to surrender and transfer his whole website to his attention.

b) Plaintiff contacted Worcester DA's office for help and explained the whole situation during a personal meeting with 1st assistant District Attorney, Mr. James Reagon of Worcester County Courthouse. On behalf of DA's office, this matter was also addressed to Shrewsbury <u>police</u> department.

c) Defendants realized the poor health of plaintiff and they planned to take an undue advantage. Defendants made up a plan to rip off and blackmail plaintiff for the purpose of extortion of money in millions of dollars. For records, plaintiff did inform <u>police</u> department about such harassment and their demands of asking money. Records of <u>three medical</u> hospitalizations (related to medical surgery) were also provided to police department. Over the phone, defendant, Mr. Mohapatra did not hesitate in stating that in worst case **(if death during hospitalization)**, if some one else could pay him losses in several million dollars. Defendant might have thought that plaintiff is a rich person, therefore he may have hoped to succeed in extortion of money.

d) In his demands, Mr. Mohapatra tried to hide the fact that he was never given a US trademark. An opposition by America Online was filed even before he started to harass plaintiff for the first time. America Online Inc had objected to words like AIOL (aiol.com) and the deceptive practices by Mr. Mohapatra for selling and competing with America Online (aol.com). In the meantime, Mr. Mohapatra may have realized that he could also face a civil or criminal lawsuit on account of his harassment to plaintiff. Therefore, in order to avoid any legal litigation against him (from plaintiff), he deliberately decided to list his non-existent and fake addresses in USA. Mr. Mohapatra also listed wrong addresses or outside of USA addresses in his registrations data profiles of his relevant domain names. Shrewsbury <u>police</u> was also aware of defendant's non-existent addresses. On account of the possibility of criminal action by police department, defendant had been hiding his contact address, running away or relocating his business from one place to other. <u>Evidences</u> have been provided to court showing the relocation of defendant's addresses or his undeliverable addresses. Also, according to Arizona Corporation Commission, defendant was fined.

e) Defendant, Mr. Mohapatra <u>threatened and stalked</u> plaintiff by showing himself as a powerful person, as s multi-millionaire that he has money in million of dollars, along with powerful attorneys and lot of connections. Such harassment continued all along as plaintiff received several anonymous and threatening phone calls. During November, 2000 Mr. Mohapatra even harassed plaintiff's wife by calling at our home. At that time, plaintiff warned and reminded Mr. Mohapatra about prior police complaints but he bluntly stated **"I do not care for Police, FBI or Court.."** Mr. Mohapatra acted so arrogant that he did not show any remorse or a fear from police authorities or US legal system. Following day, plaintiff met <u>once again with Mr. James Reagon</u> of Worcester County Courthouse and explained the whole matter. A <u>letter</u> dated (November 15, 2000) was also handed over to DA's office about this matter. For records, both defendants also <u>received</u> a copy of that letter (as addressed to DA's office) by e-mail, Mon, 13 November 2000 16:38:37 0500 EST. That letter included several allegations of harassing and stalking attitude by Mr. Mohapatra. After receiving that e-mail, defendant decided not respond to police or DA's office. Mr. Mohapatra's ignorance to that letter is an evidence of his arrogance and his acceptance to his role in such harassments. That email is also provides a proof that Mr. Mohapatra and Mr. Sangani were fully aware of another plaintiff's complaint to police.

f) During the summer of 2002 plaintiff received two more warning letters (from defendant's attorney), which were full of lies. Defendant's attorney, Mr. Bjotvedt wrote deceitful explanation about domain name related issues. Mr. Bjotvedt <u>threatened</u> that he would contact World Intellectual property Organization, and US Department of Commerce. It was obvious that defendant and his attorney had a conspiracy to use scaring tactics to extort

money and grasp plaintiff's domain name. As a follow up, those two letters were <u>submitted</u> to <u>police</u> department too.

g) In the face sheets of criminal complaint, police department clearly wrote "...**harassed victim to the point that victims health and well being is affected**." One time, following an anonymous and threatening call (about allindiaonline related matter), defendant had to seek even an emergency assistance. Time to time, plaintiff did inform police department about such anonymous and threatening calls.

h) In response to plaintiff complaint, defendant has deliberately ignored to state that he initially demanded $44 million from his retaliatory lawsuit, but after receiving <u>criminal complaint from police department</u>, he amended retaliatory lawsuit and changed the amount to $100,000. Therefore, a claim of $44 millions provides enough <u>evidence</u> that plaintiff was right in his complaints to <u>police</u> that defendant had been harassing him for demanding money since 1999.

i) In order to extort money from plaintiff, defendants tried to use even defaming and scaring tactics. Defendant had stated (in writing) that he filed complaint against plaintiff to higher authorities. Following <u>police</u> investigations, a letter from Assistant Attorney General, Chief, High-Tech & Computer **Crimes Division** stated that no such record was found for any complaint against plaintiff (Anil Chawla). For record, that letter has been submitted to court too. That letter also provides enough <u>evidence</u> that defendants did not file any complaint to Attorney General, but they were using a scaring tactics to extort plaintiff website and money.

j) According to a letter from Mr. Mohapatra's employee, one of defendant's partner's whereabouts is still <u>unknown</u>. Mr. Sajay Sangani is also a co-conspirator to extort money. Mr. Sangani has completely ignored to respond to court from civil lawsuit by plaintiff. Mr. Sangani even did not accept a letter from <u>Worcester Sheriff</u>. It could be very well a part of conspiracy between Mr. Mohapatra and Mr. Sangani to <u>avoid civil/criminal</u> proceedings.

For the records, plaintiff had been in touch with local DA's office and the local Police Department since October 1999. Therefore, the entire experience of the harassment, cyber squatting and blackmail practices by defendants have been documented by the POLICE DEPARTMENT of Shrewsbury, Massachusetts.

Signature: *Anil K. Chawla*
Name: Anil K. Chawla
Address: 16 Shrewsbury Green drives, Unit H
Shrewsbury, MA 01545
Phone: 508-755-6212

This is to certify that this motion is submitted on July 29, 2003 to US District Court of Massachusetts.

**Service certification:**

I certify that a copy will be sent by certified mail to following:

Prabhu Mohapatra
16619 S, 37th Way
Phoenix, AZ 85048

Sanjay Sangani
3060 S. Greythorne Way
Chandler, AZ 85248