Prabhu Mohaptra
16619 S. 37th Way
Phoenix, Arizona 85048
480.706.1417
Pro Se

FILED
IN CLERKS OFFICE

2003 SEP 16  P 12:04

U.S. DISTRICT COURT
DISTRICT OF MASS.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Anil Kumar Chawla,

    Plaintiff,

v.

Prabhu Mohapatra

    Defendant

Case No. 02-40198-NMG

## MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, MOTION FOR EXPEDITED DECISION ON MOTION FOR SUMMARY JUDGMENT FILED FOR COUNTERCLAIM AND OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff has filed a request for leave to amend his complaint. A review of the amended complaint shows that it is nothing more than a rewording of his original complaint. It adds no new material theories or allegations and simply wastes the court's time. In addition, it contains deceiving information. He states that there is no business known as AIOL All India On Line, yet he has in his possession, as does this court, evidence that the business began in 1997. Also the amended complaint is being used by Plaintiff to argue the merits of his case, is scandalous, and superfluous. The motion for leave to amend should be denied.

If the motion for leave is not denied, then Defendant requests the complaint and amended complaint be dismissed because Plaintiff fails to state a claim upon which he can seek relief.

Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) (a motion to dismiss must be denied when the facts alleged, generously construed in favor of the plaintiff, state a valid legal claim that would warrant relief on any theory of law). Under Rule 12(b)(6) the motion judge must treat as true all well pleaded allegations of the complaint and **all reasonable inferences** available from those allegations in favor of the plaintiff. Nader v. Citron, 372 Mass. 96, 98

(1977) (emphasis supplied). Dismissal is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GMAC v. Abington Casualty Co., 413 Mass. 583, 584 (1992), quoting from Nader v. Citron, 372 Mass. 96, 98 (1977) and from Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion judge need not dismiss a claim simply because it alleges a new theory of liability. "[I]t is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions." New England Insulation Co. v. General Dynamics Corp., 26 Mass. App. Ct. 28, 30 (1988).

Plaintiff's set of facts are speculative and theories and therefore not facts. The facts are that I contacted an irrational personal over the issue of a domain name. When he became belligerent, I sought the help of an attorney to demand that Plaintiff turn over the domain name. My actions were purely business related and Plaintiff, who apparently is a "egg shell plaintiff" has developed his theories and suppositions to formulate his idea of facts in his complaint. For example, he says I forced him to shut down his website. Clearly, Plaintiff cannot prove this and this is ludicrous. He shut his website down and filed a frivolous police reports to create a claim of harassment and loss of business.

Chapter 269: Section 14A of MGL refers to annoying telephone calls and states that

> "whoever telephones another person, or causes any person to be telephoned, repeatedly, for the **sole purpose of harassing, annoying or molesting such person or his family, whether or not conversation ensues, or whoever telephones a person repeatedly, and uses indecent or obscene language to such person,** shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both." (Emphasis supplied).

Also, Chapter 265 of the General Laws Section 43A(a) states that

> "whoever **willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress**, shall be guilty of the crime of criminal harassment and shall be punished by imprisonment in a house of correction for not more than two and one-half years or by a fine of not more than $1,000, or by both such fine and imprisonment. Such conduct or acts described in this paragraph shall include, but not be limited to, conduct or acts conducted by mail or by use of

a telephonic or telecommunication device including, but not limited to, electronic mail, internet communications or facsimile communications. (Emphasis supplied)

Plaintiff, as you can see, even if you assume everything he alleges is true and he can prove it, has failed to state a claim. My business related contacts with Plaintiff and my attorney's business related contacts with Plaintiff were for the sole purpose of resolving a domain dispute. In response, Plaintiff told Defendant he would only give up the name if Defendants paid money for it (hence his $300,000 demand). Plaintiff also filed a state bar complaint against my attorney and sent him threatening and intimidating letters. This man, the Plaintiff, as the court has already seen, is irrational, unreasonable, and a bully. His complaint contains allegations that he cannot prove, that are not facts but rather are theories, speculation, and unreasonable inferences he developed in order to fit a claim. I have never, for the sole purpose of harrassing, contacted Plaintiff and Plaintiff has failed to allege facts to sustain a finding of relief for him in the form of $300,000. My conduct, as alleged, does not arise to the level of outrageous and shocking. By dismissing this complaint with prejudice, we can put an end to this waste of paper and time.

Should the court deny this motion, I will file a motion for summary judgement as soon as I get the evidence I need during discovery to prove that Plaintiff cannot prove loss of business and harassment, assuming Plaintiff cooperates with me and provides me with proof that I:

1. Forced him to shut down his website

2. Made false allegations against him

3. That I threatened and forced him to remove things from his website

4. That I left him with no choice but to shut down his website.

5. That I made threats that resulted in him not being able to open his site to the public

6. That I have used "abusive language, defaming comments, and scary tactics."

Plaintiff's complaint alleging the items 1 through 6 fail to state a claim upon which relief may be sought and thus the complaint must be dismissed.

RESPECTFULLY SUBMITTED on September 12, 2003

By: _____
Prabhu Mohapatra
16619 S. 37th Way
Poenix, Arizona 85048
480.706.1417

Self Represented

Date: September 12, 2003

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this motion on September 12, 2003 via regular mail to

Anil Kumar Chawla and Himani Chawla at their address, 16 Shrewsbury Green Drive, Unit H, Shrewsbury, MA, 01545.

_____
Prabhu Mohapatra

- 4 -