FILED
IN CLERKS OFFICE

2003 AUG 28 P 3: 51

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Anil Kumar Chawla ) | |
| ) | |
| V. ) | Case: 02-40198-NMG |
| ) | |
| Prabhu Mohapatra ) | |
| and Sanjay Sangani ) | |

## PLAINTIFF'S AMENDED COMPLAINT

**Nature of the Case:**

1. Complaint by plaintiff arises out of defendants' (a) knowingly false and defamatory statements (b) unlawful conspiracy, individually and jointly among both defendants to harm plaintiff's website (c) unlawful and intentional interference, designed to take over plaintiff's entire website (d) improper and wrong conduct without justification or evidences (e) hiding whereabouts and listing irrelevant contact information to avoid civil charges.

2. Plaintiff (Anil Chawla) seeks relief, as set forth below, to establish that his registration and <u>first</u> commercial use of the domain name "allindiaonline.com" was legal and it did not violate Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

3. This action is also brought for declaratory infringement relief, in a controversy relating to trademarks under the trademark laws of the United States. Pursuant to 28 U.S.C. Section 1331 (federal question), this court has jurisdiction under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), 28 U.S.C. Section 1338(b) (unfair competition claim joined with trademark issues), 15 USC 1120 (false representation) and 15 U.S.C. §1125(d) (violation of "ACPA" act by defendant)

**The Parties:**

4. Plaintiff, Anil Chawla is an individual residing at Shrewsbury, Massachusetts.

5. Defendants, Mr. Prabhu Mohapatra and Mr. Sanjay Sangani are residents of Arizona.

**Jurisdiction and Venue:**

6. Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

**Facts:**

7. On February 8, 1999, Plaintiff legally and through due process acquired his web domain ("allindiaonline.com") from "Internic Inc. USA" solely for the purpose of his personal business. Plaintiff and his wife spent over 6 months of extensive labor in preparing data and collecting relevant information for this website. Once the website was completed, it was installed for the general public.

8. Plaintiff developed this Internet web site specializing in unique Internet phone products and public information mostly for Americans of Indian origin living in USA. Plaintiff also got a dealership for new type of I-phone, called Aplio and information to this matter was also included on plaintiff's website. Plaintiff's website also included information

about Indian music, news, films, history, religion, magazines, list of restaurants, grocery stores, temples, yoga centers and community events etc.

9. Plaintiff was the <u>first</u> one to legally register and use the name "allindiaonline.com" for commercial and informational purpose.

10. In order to make the website popular for the general public, plaintiff even advertised his website on a TV and in a leading Indian newspaper in USA.

11. Plaintiff acquired the domain name for his own business and trade. Therefore, to this date, plaintiff never desired to sell his web domain name to anyone else or to defendants.

12. Once the plaintiff's website started becoming popular, both the defendants, Mr. Mohapatra and Mr. Sangani contacted plaintiff and started intimidating and threatening him to close the website on the pretext that plaintiff is not authorized to use any word or even a picture or flag in his website.

13. Defendants made allegations that plaintiff is involved in infringements of their federal US trademark. However, there is no US Trademark for "AIOL" or "All India On-Line" in USA. Defendants also failed to provide any record of popularity, advertisement or publicity to his website, "aiol.com". Furthermore, as of today, plaintiff is unable to find any company or registration for "AIOL" or "All India On-Line" in Arizona or anywhere is USA.

14. Plaintiff was not aware of defendants or their businesses until they contacted him for the first time. Also, Plaintiff was not familiar with defendant's website named "aiol.com". Furthermore, defendant's website's name (aiol.com) is not similar to plaintiff's website, named "allindiaonline.com". Also, defendant's company named "ISTI" is not related to plaintiff's web domain "allindiaonoine.com" in any ways.

15. Plaintiff's web domain name is a common and a generic name. Therefore, plaintiff's business/intellectual property is protected under the "common trademark law". For that reason, plaintiff is entitled to use his domain name for his business without any obstruction or unfair competition from others.

16. Furthermore, according to USPTO, trademark rights are developed with commercial use, and not merely with registration. Therefore, after legally registering the domain, plaintiff used his domain name too by giving appropriate advertisements to the general public.

17. Over the years, in order to take control of plaintiff's domain, defendants have relentlessly continued to harass the plaintiff. As a part of this continued harassment, defendant, Mr. Mohapatra even asked ransom money from plaintiff in millions of US dollars.

18. Defendants' behavior has been so threatening and demeaning that plaintiff had to seek help from Worcester's DA's office and Shrewsbury police department several times during the past 4 years.

19. Plaintiff made few pleas to defendants (via e-mails) to stop harassment, but defendants continued to harass plaintiff and his family. Both defendants were fully familiar with police complaints, but in order to avoid legal litigation by plaintiff or prosecution by police department, Mr. Mohapatra tried to hide his whereabouts and changed his contact information with "undeliverable" or "out of US" addresses.

20. No proper contact information was available even from Mr. Mohapatra's website registrations. On account of inappropriate contact addresses, unlisted home addresses, and unknown whereabouts, plaintiff was unable to file civil complaint against defendants.

21. Following plaintiffs first, legal and commercial use of web domain "allindiaonline.com", subsequent registrations and procurement of exact/identical domain names by Mr.

Mohapatra is a violation of Anticybersquatting Consumer Protection Act ("ACPA") under 15 U.S.C. §1125(d). Furthermore, Mr. Mohapatra tried to monopolize his control over plaintiff's domain name by acquiring several exact names, which have never been used commercially. Such domain names (like "allindiaonline.cc", ending with cc, biz, info, ws, co.uk etc.) do not even open up in any web browsers as there are no contents in such sites. Mr. Mohapatra acquired such names to find excuses to extort money and to block the competition.

22. Defendants' continuous interference and harassment to complainant's business resulted in a prolonged stress and fear to plaintiff. Consequently, plaintiff lost his business and opportunity to operate his website, therefore adding additional financial losses.

### Declaration Under Anticybersquatting Consumer Protection Act:

23. Plaintiff registered his domain name "allindiaonline.com" legally and did not have bad faith intent, as provided in 15 U.S.C. §1125(d)(1)(A)(i). Plaintiff can also provide an evidence that no web traffic came to plaintiff website ("allindiaonline.com") from defendant's website "aiol.com".

24. As provided in 15 U.S.C. §1125(d)(1)(A)(ii), the domain name "allindiaonline.com" is not identical, confusingly similar to, or dilutive to defendant's website "aiol.com".

25. Pursuant to 15 U.S.C. §1125(d)(1)(B)(vii), Mr. Mohapatra violated "ACPA" act by providing misleading and irrelevant contact information in his domain names profiles. Even, Shrewsbury police department could not act earlier because of lack of accurate information or irrelevant addresses of defendants.

26. Pursuant to 15 U.S.C. §1125(d)(1)(B)(viii), Mr. Mohapatra's acquisition of multiple domain names (deliberately similar to plaintiff's domain name) is a violation of "ACPA"

act, as he knowingly acted in a bad faith by acquiring exact names to extort money and website from plaintiff.

**Request for Jury Trial:**

27. Plaintiff respectfully requests a jury trial on all issues.

**WHEREFORE,** the Plaintiff respectfully requests this honorable District Court:

28. To issue an interlocutory JUDGMENT and DECREE, pursuant to 28 U.S.C. 2201, that plaintiff's registration and use of the domain name "allindiaonline.com" is lawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

29. To issue a JUDGMENT that the plaintiff is not required to transfer the registration for the domain name "allindiaonline.com" to defendant, Mr. Mohapatra.

30. To issue a JUDGMENT that the defendants violated "ACPA" act by registering several exact domain names (deliberately similar to plaintiff' site) and thereafter-hiding contact addresses to avoid legal litigation from plaintiff. Defendant, Mr. Mohapatra should surrender all such names that have never been used in commerce.

31. Relief and compensatory damages of $300,000 on account of harassment, improper, unlawful, and intentional interference to complainant's business by defendants.

32. To grant any such and further punitive damages as the Court deems just and proper.

33.

**Respectfully submitted on August 27, 2003**

Signature: *Anil K. Chawla*

Name:   Anil K. Chawla

Address:  16 Shrewsbury Green drives, Unit H

Shrewsbury, MA 01545

Service certification:

I certify that a copy of this amended complaint will be sent by priority mail to following:

Prabhu Mohapatra

16619 South 37th Way

Phoenix, AZ 85048


Sanjay Sangani

3060 South Greythorne Way

Chandler, AZ 85248